## DE LARA v. FURNISH et al.
### No. 8720.

Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1932.

Rehearing Denied Feb. 17, 1932.

Spencer, Rogers, Lewis & Slatton, of San Antonio, for appellant.

J. B. Lewright and Chas. F. Guenther, both of San Antonio, for appellees.

SMITH, J.

On January 1, 1925, J. A. Baker and wife conveyed to O. Lopez de Lara certain real property in Bexar county, the community property of the grantors. As a part of the consideration for the conveyance, Lara executed and delivered his negotiable promissory installment note for $11,300, payable to J. A. Baker, and secured by deed of trust upon the land. The note bore 8 per cent. interest from its date, and contained the usual attorney's fee and accelerated maturity clauses.

The wife of J. A. Baker died intestate on May 16, 1928, being survived by her husband and a grown son, Robert M. Baker. No necessity existed for administration upon her estate, nor was any had.

On January 26, 1929, after his wife's death intestate, J. A. Baker assigned, indorsed, and delivered the note, and transferred the lien to Elizabeth H. Furnish, wife of D. K. Furnish. Written assignment evidencing the transfer was duly recorded.

On May 1, 1930, Lara tendered to Mrs. Furnish's agent the full amount of principal and interest then due on the note, conditioned that she execute a full release of the deed of trust lien upon the land, and procure the said Robert M. Baker to execute a like release. Mrs. Furnish agreed to furnish such release on the part of her husband and herself, but refused to procure such release from young Baker. Lara declining to make payment because of such refusal.

A few days later Mrs. Furnish elected to declare the whole debt due, placed the note in the hands of her attorney for collection, and, joined by her husband, pro forma, instituted this suit to recover upon the note, with interest and attorney's fee, and to foreclose the lien. She recovered accordingly, and Lara has appealed.

The appeal rests upon the contention of appellant that his tender of the amount then due upon the obligation conditioned upon the holders furnishing release of the lien by them, and by R. M. Baker, or a showing of their authority to bind the latter by their release, operated as a discharge of his debt and release of the lien, and that appellees were therefore cut off from recovery of attorney's fee and interest accruing susbequent to such tender. The inquiry may be further narrowed to the proposition of appellant that a relinquishment of the lien by the holders of the note, without a like relinquishment by R. M. Baker, would not operate as a full release of that lien. We have concluded that the proposition is not well taken, and should be overruled.

The note was payable to J. A. Baker alone. It was assigned in due course by him to Elizabeth H. Furnish, both by written transfer and indorsement on the instrument, and by delivery. The effect of this transfer and delivery was to place the legal title to the note in Mrs. Furnish, with full power and right to demand and receive payment thereof, so that a payment to her would operate to discharge the obligation and extinguish all liens given to secure payment of that obligation. If third parties owned any equities in the note and lien, their remedy lay in an accounting from Mrs. Furnish. Certainly they could not require the maker to repay the note, or any part of it, to them, for he had discharged his obligation according to its tenor and effect.

For the purposes of this decision, young Baker had no greater rights than were possessed by his mother in her lifetime, and it cannot be asserted, is not contended by appellant here, that a payment in her lifetime to her husband, as the sole payee, would not have operated fully to discharge the debt and lien. For, regardless of her equities, her husband, or his assignee, having legal title and possession of the note, could sue and recover thereon in his own name, unless, indeed, the maker had different defenses against the owner of the legal title upon the one hand and the owner of equitable title upon the other— a condition not present in this case. Houston Finance Corp. v. Stewart (Tex. Civ. App.) 7 S.W.(2d) 644; El Paso Townsite Co. v. Watts (Tex. Civ. App.) 227 S. W. 709, 711; Russell v. Bank (Tex. Civ. App.) 2 S.W.(2d) 961, and authorities there cited.

These conclusions lead to the holding that appellant could not legally require appellees to furnish a release of the deed of trust lien from R. M. Baker, as the heir of Mrs. J. A. Baker, deceased wife of the payee, as a condition to the payment of the note; that appellee was entitled to demand such payment upon tender of a release executed by her as the legal owner and holder of the note, when joined by her husband, and a tender of payment by appellant upon any other or additional condition was ineffectual. Upon this holding we overrule appellant's first, second, fourth, fifth, sixth, and eighth propositions. Appellant's third proposition is a correct statement of the law in the abstract, but is not material to the appeal; nor is the seventh proposition material to the appeal, wherefore both will be overruled.

The note sued on embraced the usual stipulation for the payment of 10 per cent. attorney's fee in the event, among others, that the note was placed in the hands of attorneys for collection or if collected by suit. Appellee pleaded this stipulation, fully proved the conditions putting it in operation, and the court found affirmatively thereon. Appellant did not question the stipulation or its reasonableness, either by pleading or evi-

dence. But, for some reason not disclosed in the judgment or findings, the trial judge decreed recovery of only 5 per cent. of the note as attorney's fees, and appellee complains of this decree by proper cross-assignments of error. Under the facts stated, and in the absence of any contest or question of this item by appellant, the trial judge had no discretion in the matter, and should have rendered judgment in favor of appellee for the full 10 per cent. attorney's fees, in accordance with the express contract of the parties. We sustain the cross-assignments of error. The amount allowed as attorney's fees was $404.60; it should have been $808.60.

The judgment will be reformed so as to decree appellee a recovery of $808.60 as attorney's fees, and as so reformed will be affirmed.