## LIBERTY OIL & SULPHUR CO. v. CITY NAT. BANK OF BEAUMONT.

### No. 2162.

Court of Civil Appeals of Texas. Beaumont.
Jan. 27, 1932.

Rehearing Denied Feb. 3, 1932.

E. E. Easterling and W. D. Gordon, both of Beaumont, for appellants.

Conley, Renfro & Keen and Howth, Adams & Hart, all of Beaumont, for appellee.

O'QUINN, J.

The City National Bank of Beaumont brought this suit in the district court of Jefferson county against the Liberty Oil & Sulphur Company, a corporation duly incorporated under the laws of the state of Texas, as principal, and W. D. Gordon, M. S. Duffie, and James V. Polk, as sureties, to recover judgment on a promissory note in the sum of $1,500, with interest and attorney's fees.

The defendant Liberty Oil & Sulphur Company answered by general denial.

Defendant James V. Polk answered by general demurrer, general denial, and by cross-action against defendant W. D. Gordon as follows:

"3. And this defendant James V. Polk, now becoming the actor and plaintiff in cross action over against the defendant, W. D. Gordon, for cause of action on his cross action against the said W. D. Gordon, further respectfully alleges and shows unto the court as follows:

"The said James V. Polk did not owe, nor was he legally liable for the amount of money represented by the promissory note herein sued on, said note being in the sum of $1,500.00, due ninety days after date, with interest at 8% per annum after maturity, providing for the usual additional 10% attorneys fees, but that said note represents money borrowed by the said W. D. Gordon from the plaintiff herein, The City National Bank of Beaumont, and which said money was intended to be used and was actually used by the said W. D. Gordon for his own benefit and in the execution of his own individual undertakings and enterprise relating to and growing out of the development of a certain oil, gas and mineral lease located in Liberty County, Texas, and said note represented money borrowed by said W. D. Gordon for the purpose of making further explorations and developments of the said lease after his defendant, James V. Polk, and other shareholders had contributed money for the work of the original development and exploration.

"4. After the expenditures of the monies contributed and advanced by this defendant, James V. Polk, and several other shareholders for the original development work, which was unsuccessful, this defendant and others deemed it expedient and for their best interest not to contribute any more money for the further development and thereupon said W. D. Gordon being of the opinion that the chances were good for making the lease productive by further expenditures of money to be used in deepening and cleaning out the well already drilled, obtained a release of their respective interests in the enterprise from this defendant and of the others associated in contributing money for said original development, in order that he, the said W. D. Gordon, might continue the exploration and development by the expenditure of his own money, the agreement between him and his original associates in the enterprise being that if he did spend money for further development that he, the said W. D. Gordon should be entitled to and

should have the whole lease and all of its production and the interest of all of his associates.

"5. Thereupon, in pursuance of such agreement between the said W. D. Gordon and his associates, who had contributed money for the drilling and development of the said lease, he, the said W. D. Gordon, undertook further to develop said lease and for said purpose made arrangements with the City National Bank of Beaumont, plaintiff herein, to borrow the money, as evidenced by the note sued upon by plaintiff herein, and after executing the said note himself, requested this defendant, James V. Polk, to sign it, and promising this defendant to hold him harmless in so doing, and he the said W. D. Gordon, entered into an agreement with the said Polk himself to pay said note when it became due; stating as an explanation why he, the said Gordon, desired the defendant, James V. Polk, to sign the note, that he thought it would look better and it would not appear that he, the said Gordon, was attempting to take full complete charge, control, possession and ownership of the said lease except by and through the consent and agreement of all the other parties who had contributed monies for the original development; it being then fully understood and agreed between said W. D. Gordon and this defendant, James V. Polk, that he, the said James V. Polk was not claiming any further interest in the lease or in any production that might be developed by further development and expenditures thereon, such as he, the said Gordon, intended to make.

"6. On the faith of the foregoing promise, contract and agreement between said Gordon and this defendant, with respect to holding this defendant harmless either as a surety or as principal in said note, that the said W. D. Gordon would himself pay it when it became due, this defendant signed the note, and as result of the foregoing agreement the said W. D. Gordon is legally bound and obligated to pay all of said note and to pay off whatever judgment that may be rendered herein against the defendant, James V. Polk and to hold him completely harmless in this suit and any judgment that may be rendered herein against the makers and signers of the said note sued upon by plaintiff; and this defendant is entitled to have judgment on his cross-action over against said W. D. Gordon for whatever judgment may be rendered against him.

"Wherefore, defendant, James V. Polk, prays that the defendant, W. D. Gordon, be cited on this, his cross action, and that the clerk of this court immediately issue a citation to the said W. D. Gordon and legal service be had thereon before this cause is set down for trial and he further prays that in the event judgment be taken against him, the said James V. Polk, that he have judgment on

his cross action against said W. D. Gordon for the amount and to the extent of such judgment against him; and he further prays for all costs of court and for such other relief, both general and special, to which he may be entitled in law or in equity."

Defendant W. D. Gordon answered the cross-action of defendant Polk as follows:

"I. This defendant demurs to said cross-action and says that the facts and allegations contained therein are insufficient in law to make any cause of action against this defendant and of this he prays judgment of the court.

"II. And if required further to answer said cross-action, then this defendant denies all and singular all the facts and allegations contained in said cross-action, and of this he puts himself upon the country.

"III. And for special answer to said cross-action this defendant shows that as a part of the contract and agreement whereby the defendants W. D. Gordon, M. S. Duffie and James V. Polk became indorsers on the said note of the defendant, the Liberty Oil & Sulphur Company, sued on herein by the plaintiff, that the defendant Liberty Oil & Sulphur Company entered into a writing with said defendants W. D. Gordon, M. S. Duffie and James V. Polk the indorsers on said note, indemnifying them as indorsers on said note by making a deed of trust upon its properties to protect them as indorsers on said note, and that there was no other contract or agreement in writing or verbally made by this defendant to the said James V. Polk to indemnify him against loss as indorser on said note, and of this this defendant prays judgment of the court."

The defendants W. D. Gordon and M. S. Duffie answered the bank's action by general denial and specially:

"And in the event the plaintiff is entitled to judgment as prayed for in its petition, and that these defendants are liable as therein alleged, then as against their co-defendant, James V. Polk, these defendants say that the costs of this suit chargeable against these defendants, including the ten per cent. attorney's fees prayed for in the petition, should be taxed specifically in behalf of these defendants against their co-defendant James V. Polk for that these defendants, though jointly signing said note with said James V. Polk only in the proportion of one-third (⅓) of the amount sought be recovered against the principal debtor, to-wit: The Liberty Oil & Sulphur Company. These defendants long before this suit was filed and before default was declared whereby any such costs and expenses were added thereto, or could be added thereto, offered to pay their pro rata share of the principal and accrued interest on said note, that the said James V. Polk failed and re-

fused and expressly declined to pay any portion thereof contrary to his written obligation to that effect. On the contrary he repudiated his joint liability with these defendants thereon, and through his default and repudiation made it necessary that the creditors, the plaintiff in this case, bring this suit, whereby on account of his inequitable and unjust attitude he has caused the accrual as against all of the defendants of said additional costs and expenses. But for which action on his part no such costs and expenses would have been incurred. These defendants further say that at that time, to-wit, the repudiation of the obligation of said James V. Polk as joint endorser of said note, the principal debtor, Liberty Oil & Sulphur Company, had become insolvent, leaving the payment of said obligation to be made by its guarantors and endorsers. That thus the said Polk, by his repudiation of his obligation and refusal to pay his portion thereof as joint endorser, precipitated the incurring of all of said additional costs and expenses which otherwise would not have been incurred.

"By reason of the premises these defendants say that if plaintiff's cause of action be established as pleaded that they have relief against the inequitable and unjust attitude of the said James V. Polk by a judgment over against him for all such additional sums in the way of costs and expenses that have been thus accrued and incurred through his wrongful acts. They further pray for general relief."

At the conclusion of the evidence the plaintiff bank filed motion for an instructed verdict against all the defendants jointly and severally, which was granted. Cross-defendant Gordon filed motion for verdict against cross-plaintiff Polk on his cross-action. This was refused. The case as to the contest between cross-plaintiff Polk on his cross-action and cross-defendant Gordon was then submitted to a jury on special issues, to wit:

Special Issue No. 1. "Do you find from the preponderance of the evidence that W. D. Gordon induced Jas. V. Polk to indorse the note in question by promising to hold the said Jas. V. Polk harmless as to any liability on said note?" The jury answered: "Yes."

Special Issue No. 2. "Do you find from the preponderance of the evidence that Jas. V. Polk relied upon the promise of W. D. Gordon, to hold him harmless as to any liability on said note in question (if you have found in answer to the foregoing issue that W. D. Gordon did make such promise)?" The jury answered: "Yes."

Judgment was accordingly entered in favor of the plaintiff bank against the Liberty Oil & Sulphur Company, W. D. Gordon, M. S. Duffie, and James V. Polk, jointly and severally, for the amount of its note, interest, and attorney's fees, in the sum of $1,815; and

in favor of defendant James V. Polk on his cross-action against his codefendant W. D. Gordon for such sum as he, the said Polk, might be compelled to pay to said bank in satisfaction of its said judgment.

Motion for a new trial was overruled, and defendants W. D. Gordon and M. S. Duffie have brought this appeal from the judgment against them in favor of cross-plaintiff Polk.

There being no complaint against the judgment in favor of the bank, it is affirmed.

The judgment in favor of defendant Polk on his cross-action against the defendant Gordon will have to be reversed and rendered because the grounds for cross-action pleaded by Polk against Gordon have no support in the evidence, and hence there is no basis in law for the judgment.

The note sued on by plaintiff Bank reads:

"No ——— Due ——— $1500.00
. "Beaumont, Texas, 8/30, 1929.

"90 days after date, without grace, I, we, or either of us, promise to pay to the order of the City National Bank of Beaumont, at its office in Beaumont, Texas, the sum of Fifteen hundred no/100 Dollars, for value received with interest at the rate of 8 per cent per annum after maturity until paid.

"Should this note be placed in the hands of an attorney for collection, I, we or either of us, hereby agree to pay all costs of collection, including 10 per cent of principal and interest then due as attorneys fees.

"The makers and endorsers hereof severally waive presentment for payment, protest and notice of protest in the event of non-payment of this note, and all defenses on the ground of any extensions of the time of its payment that may be given by the holder or holders to them or either of them.

"Liberty Oil & Surphur Co.
"By W. D. Gordon, Vice Pres."
'Indorsed on back:
"W. D. Gordon
"M. S. Duffie
"Jas. V. Polk."

By reference to cross-plaintiff's petition in his cross-action hereinbefore set out, it will be observed that he distinctly alleges that the note sued on was for money borrowed by defendant Gordon from the bank, and that said money was intended to be and was actually used by said Gordon for his own individual benefit in the prosecution of his own individual undertakings; that said Gordon made the arrangement with the bank to borrow the money, as evidenced by the note in suit, and requested the cross-plaintiff to sign said note, promising to hold cross-plaintiff harmless in doing so.

The defendant Liberty Oil & Sulphur Company is a corporation, and at the time of the transaction here involved, L. H. Marshburn

was its president, and actively in charge of its business, and defendants Gordon, Duffie, and Polk were stockholders. Marshburn testified: "With reference to the affairs of the Liberty Oil & Sulphur Company, W. D. Gordon assumed no responsibility for its liabilities, except as one of the endorsers of this note to the City National Bank of Beaumont. I discussed the financial condition of the company with Mr. Gordon and told him that if we had $1500.00 we could pay our labor bill and work the well over and I believed could bring it back as a good producer, and asked him if he would be willing to sign a note for that amount, together with Mr. Duffie and Mr. Polk, and he said he would, provided we would do the work under Bill Campbell's supervision, which I agreed to. I went to the City National Bank and got the note fixed up." He further testified: "It is a fact that at the time said note was made to the City National Bank it was done at my instance and request to borrow the money for the Liberty Oil & Sulphur Company to carry on some operations at Liberty, after it had run out of funds in drilling on its lease in that territory, and that I came to W. D. Gordon and proposed to him that if he would endorse said note as surety I would secure the endorsement of James V. Polk and M. S. Duffie, and that I did effect such arrangement and handled the matter after securing the endorsements of the three parties, by borrowing the money at the bank." He further testified: "It is a fact that I continued in full charge of the operations of said property of the Liberty Oil & Sulphur Company, as stated above, in cooperation with Mr. Campbell, and I gave all checks and paid all bills as long as the money lasted."

Walter T. Wherry, witness for cross-plaintiff, testified, among other things: "I understood it, all the stockholders and the directors understood that this money was being borrowed by the corporation and not by you individually, and it was to be expended by the corporation through its regular corporate agencies. I understood that. Nobody questioned that."

The record shows that the defendant Gordon, from about the time the note was executed by the corporation and the indorsers to the bank, and while the money thereby obtained was being expended in drilling operations, as mentioned by the witness Marshburn, was not in Beaumont, or Jefferson county, or Liberty county, but was in fact out of the country on a sea voyage and did not return until after the money had been expended.

■ The evidence set out above shows that the note was made by the corporation with W. D. Gordon, M. S. Duffie, and James V. Polk as indorsers. That it was for the use and benefit of the corporation, and that the proceeds of the note were credited to the corporation's account at the bank and were drawn out and used by the corporation. That Gordon's only relation to the loan was as an indorser on the note. These facts are not disputed by any evidence in the record. The effect of cross-plaintiff Polk's testimony is that he signed the note as an indorser upon the promise of Gordon to hold him harmless in the event the note was not paid by the corporation. The allegations of cross-plaintiff's petition having no support in the evidence, defendant Gordon's exceptions to the issues submitted should have been sustained, and his request for an instructed verdict should have been granted.

■ It reasonably appearing to the court that on another trial cross-plaintiff Polk could not strengthen his case against cross-defendant Gordon, it is our duty not only to reverse the judgment of the lower court, but to here render judgment in favor of cross-defendant Gordon against cross-plaintiff Polk on the issues made by his cross-action, which is accordingly so ordered.

■ The undisputed evidence in the record discloses that when the note in question fell due and was not paid, notice was given to the indorsers to pay said note, and W. D. Gordon and M. S. Duffie, two of the indorsers, went to the bank, plaintiff herein, and tendered to the bank their full proportion, one-third each, of the amount due, but the other indorser, James V. Polk, refused to pay his part, and the bank, plaintiff, refused to accept from Gordon and Duffie their tender of their one-third proportion of the amount due, and that this suit was directly caused by and was filed against all the indorsers because of indorser Polk's refusal to pay his part of the amount due. This fact was pleaded by defendants W. D. Gordon and M. S. Duffie in their answer to the plaintiff bank's action, as shown supra, and they there prayed for judgment against cross-plaintiff Polk for all costs and attorney's fees that might be adjudged against them by reason of plaintiff's suit. As before stated, it is undisputed that but for the refusal of the defendant Polk to pay his pro rata of the amount due on the note, this suit would not have been filed, and hence no costs would have been incurred, nor would there have been any attorney's fees to be paid, as provided in the note. We think the costs of the trial court and of this court, and the attorney's fees provided for in the note, should all be taxed against defendant Polk. It would be inequitable for him, in the manner shown, to cause said costs and attorney's fees to be taxed against and paid by defendants Gordon and Duffie when they had done all required of them to prevent the suit. All costs of suit and the attorney's fees adjudged in favor of plaintiff, as per the stipulation in the note, are accordingly taxed against the defendant Polk.