C. H. KUPER, ET AL v. L. J. SCHMIDT, ET AL.

No. A-7457. Decided October 5, 1960.
(338 S.W. 2d Series 948)

*Brown & Brown,* of Council Grove, *Fike& Hunter* and *King Fike,* of Dalhart, for petitioner, C. H. Kuper.

*R. C. Hamilton,* of Amarillo, for Earline Kuper.

*Carl M. Shinn,* of Lamar, Colorado, *Simpson, Adkins, Fullingim & Hankins* and *A. B. Hankins* of Amarillo, for L. J. Schmidt, et al, respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

■ On the first question presented by this appeal, we hold that where one of two joint owners of a negotiable instrument brings suit thereon after placing the same in the hands of attorneys for collection and is required to and does join the other owner as an involuntary plaintiff, the former is entitled to recover the full attorney's fees stipulated in the note if their reasonableness is not questioned by the defendants and it appears that the involuntary plaintiff has incurred no legal expense in the prosecution of the action. The present suit was brought by C. H. Kuper, plaintiff, on two promissory notes one for $7,148.00 payable to the plaintiff's order and the other for $62,709.28 payable to the order of C. H. Kuper or Earline Kuper. Both notes were executed by L. J. Schmidt and L. W. Schmidt, defendants, in 1953 and matured twelve months after date. Each bears inter-

est from date at the rate of five per cent per annum and provides for ten per cent attorney's fees if the note is placed in the hands of an attorney for collection.

Earline Kuper was the wife of C. H. Kuper at the time the notes were executed. They were divorced prior to the institution of this suit, and under the terms of their property settlement became joint and equal owners of the two notes. Earline Kuper is the sister of and refused to join in the suit against the defendants. She was made an involuntary plaintiff, and an answer was filed in her behalf by the attorneys representing the defendants. Summary judgment was granted by the trial court awarding to C. H. Kuper and Earline Kuper each one-half of the principal and accrued interest, and to C. H. Kuper the entire ten per cent attorney's fees, on the two notes. This judgment was reformed by the Court of Civil Appeals so as to allow C. H. Kuper attorney's fees only on his one-half interest in the notes and was otherwise affirmed. 324 S.W. 2d 307.

Since all parties have filed applications for writs of error, each will be referred to by name or as designated in the trial court. Plaintiff contends that the judgment of the district court should be affirmed, while his former wife argues that she is entitled to attorney's fees on her one-half interest in the notes. The defendants insist that the summary judgment was not properly granted because the record shows a material issue of fact with respect to their liability on the larger note.

■ It is now settled that as between the legal owner and holder of a promissory note and those who are obligated to pay the same, the former is prima facie entitled to recover the attorney's fees stipulated therein upon the happening of the contingency which makes the same payable. In the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the same is reasonable. The usual attorney's fee clause is, however, in the nature of a contract of indemnity and cannot be regarded as providing for liquidated damages or a penalty. Upon a proper showing the holder will be limited to an amount which is reasonable under the circumstances, and may be denied any recovery where it appears that no expense has been incurred as a result of the maker's default. First Nat. Bank of Eagle Lake v. Robinson, 104 Texas 166, 135 S.W. 372; Lanier v. Jones, 104 Texas 247, 136 S.W. 255; Ehlinger v. Clark, 117 Texas 547, 8 S.W. 2d 666; De Lara v. Furnish, Texas Civ. App., 46 S.W. 2d 402 (wr. ref.) ; Amuny v. Seabrook Bank & Trust Co. Texas Com. App., 23 S.W. 2d 287.

Ordinarily the collection costs agreed upon by the parties to the instrument are awarded to those who are entitled to recover, and are adjudged against those who are obligated to pay, the principal and interest owing thereon, but this is not an invariable rule. It has been held, for example, that an indorser who makes the suit necessary by refusing to pay his part of the note should be required to pay all of the attorney's fees. Liberty Oil & Sulphur Co. v. City Nat. Bank of Beaumont, Texas Civ. App., 45 S.W. 2d 782 (wr. ref.). The court there reasoned that it would be inequitable to permit the person who had caused the suit to be brought to escape liability at the expense of those who had done all required of them to prevent the action. It seems equally clear that a plaintiff who must bear the entire legal expense of prosecuting an action for the benefit of the joint owners of a note is entitled to recover the attorney's fees provided therein when no issue of reasonableness is raised by the defendants.

■ Upon Mrs. Kuper's refusal to join in the action, plaintiff was entitled to bring suit on the notes and make her an involuntary plaintiff. Rule 39a, Texas Rules of Civil Procedure. Since the period of limitation was about to expire, prompt action was necessary to protect the legal rights of both owners. He accordingly placed the notes in the hands of his attorneys, who have borne the entire burden of preparing the case, instituting suit and establishing defendants' liability. Mrs. Kuper was entitled to recover only her one-half of the principal and accrued interest, because she had incurred no legal expense in connection with the case at the time it was decided by the trial court. The defendants made no contention, however, that the stipulated fee is unreasonable. Their answer simply alleges that the notes are jointly owned by the plaintiff and his former wife, and that the plaintiff is entitled to recover only one-half of the principal, interest and attorney's fees. It is fair to assume then that the plaintiff will be required to pay his attorneys at least the amount provided in the notes as compensation for their services in collecting the same and that such fee is reasonable. Under these circumstances and since the stipulation for attorney's fees is essentially a contract of indemnity, the trial court was authorized to enter judgment against the defendants for the amount they had agreed to pay as collection costs and award the same to the plaintiff.

Defendants do not deny owing the $7,148.00 note, but they argue that the record discloses a material issue of fact as to whether the other instrument was delivered conditionally or for a special purpose. Their answer alleges that they entered

into a cattle venture with the plaintiff in 1953, that after the cattle were sold plaintiff informed them that a loss of $94,081.77 had been sustained and requested that they execute the $62,-709.28 note for their share so an income tax return could be made, and that the note was executed and delivered to be effective only when and if plaintiff furnished them records substantiating such loss, which he had failed and refused to do. There are also unverified pleas of lack of consideration, failure of consideration and fraud in the inducement, but defendants do not contend that these allegations afforded any basis for denying the motion for summary judgment. No counterclaim was asserted by them against the plaintiff.

■ Defendants argued in the Court of Civil Appeals that summary judgment for the plaintiff was improper because they had alleged conditional delivery. There is no merit in this contention. When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. See Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Texas 442, 322 S.W. 2d 492. Under the provisions of the Negotiable Instruments Act, the note in plaintiff's possession is presumed to have been delivered for the purpose of giving effect to the instrument until the contrary is proved. Art. 5932, Sec. 16, Vernon's Ann. Texas Civ. Stat.; Anderson v. Ladd, 131 Texas 479, 115 S.W. 2d 608. If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, it was incumbent upon them to come forward with "evidence" sufficient to raise that question.

■ They also say that the motion asserts only that their defenses are barred by limitation and laches, and that these are the only grounds upon which summary judgment could be granted or affirmed. We do not agree. Paragraph 5 of the motion avers that the pleadings, depositions and admissions on file show that the defendants have been guilty of laches, have waived, and are estopped from asserting any defense to the larger note, and then states that "from all such matters it appears that there is no genuine issue as to any material fact, and that this plaintiff * * * is entitled to judgment * * * as a matter of law." This refers not to the grounds previously stated in the motion but to the pleadings, depositions and admissions on file, and will support a summary judgment in plaintiff's favor

if the record conclusively establishes his right to recover on the note.

At the time the motion was heard, the record consisted of the unverified pleadings and the depositions of all parties except Mrs. Kuper. The deposition testimony relevant to this appeal is quoted in the opinion of the Court of Civil Appeals and will not be repeated here. It discloses that after the cattle were sold plaintiff requested the defendants to sign a note for two-thirds of the amount he told them had been lost in the venture. They were not satisfied and insisted that something was wrong. Plaintiff assured them that if the trouble was ever found, it was all in the family and would be straightened out and made right. It was on the basis of this agreement that the defendants executed the instrument.

■ As pointed out in Hemlke v. Prasifka, Texas Civ. App., 17 S.W. 2d 463 (wr. ref.), there is a distinction between a parol condition affecting delivery of a negotiable instrument and one affecting its payment. By the express terms of the Negotiable Instruments Act, delivery upon a condition or for a special purpose only may always be shown as between the immediate parties. Article 5932, Sec. 16; Williams v. Jones, 122 Texas 61, 52 S.W. 2d 256. See also Moser v. John F. Buckner & Sons, Texas Civ. App., 283 S.W. 2d 404 (no writ) ; Bynum v. Peoples State Bank of Turkey, Texas Civ. App., 243 S.W. 2d 190 (no writ) ; Hunley v. Garber, Texas Civ. App., 254 S.W. 2d 813 (no writ). On the other hand a parol condition or agreement relating to payment of a delivered instrument is not enforceable if it operates to add to, take from or vary the terms of the written agreement. Helmke v. Prasifka, supra. See also Shepherd v. Woodson Lumber Co., Texas Civ. App., 63 S.W. 2d 581 (no writ).

When viewed in the light most favorable to the defendants, the deposition testimony does not suggest delivery for a special purpose or that the parties intended for the instrument to become effective only upon the happening of some future contingency. It shows nothing more than a prior or contemporaneous agreement that if a subsequent accounting disclosed that the cattle venture had lost less than the plaintiff claimed, the defendants would owe two-thirds of the actual loss as determined by such accounting rather than the principal sum stated in the note. An understanding of this nature may not be shown by extrinsic evidence as a defense to the note, because it clearly contradicts the unconditional promise expressed in the written instrument to pay a sum certain in money on a fixed future date.

Chalk v. Daggett, Com. App., 257 S.W. 228. See also Saunders v. Brock, 30 Texas 421; Crumpler v. Humphries, Texas Civ. App., 218 S.W. 2d 215 (wr. ref.); Shaw v. Lumpkin, Texas Civ. App., 241 S.W. 220 (no writ).

Defendants rely upon Roddy v Citizens' State Bank, Texas Civ. App., 11 S.W. 2d 652 (no writ), where evidence of a similar agreement had been excluded at the trial. Unlike the present case, however, the defendant there would have further testified that the notes were signed to accommodate the cashier of the bank because the latter was expecting an examiner and wanted to get the accounts in shape to avoid criticism. The court concluded that the proffered testimony should have been admitted to show that the notes were given for a special purpose. It is unnecessary to determine at this time whether that holding is sound, because there is no "evidence" in the present record indicating that the note was delivered for any purpose except to give effect to the instrument.

The court in the Roddy case also cited Allen v. Herrick Hardware Co., 55 Texas Civ. App. 249, 118 S.W. 1157 (wr. dis.), for the proposition that an agreement such as we have here constitutes a valid equitable defense and that evidence supporting same does not vary or contradict the note because the parties did not intend that the instrument should be a complete and final settlement. These conclusions were rejected by the Commission of Appeals when it decided Chalk v. Daggett, supra. The holding of the latter case, which was expressly approved in Hubacek v. Ennis State Bank, 159 Texas 166, 317 S.W. 2d 30, represents the law in this state on the question now under consideration.

The judgment of the Court of Civil Appeals in so far as it reforms the judgment of the trial court is reversed, and is otherwise affirmed. The judgment of the trial court is affirmed.

Opinion delivered October 5, 1960.