**Irene WILLIAMS et vir, Appellants,**

v.

**ST. ANTHONY'S HOSPITAL et al.,**
**Appellees.**

**No. 7852.**

Court of Civil Appeals of Texas.

Amarillo.

May 13, 1968.

Rehearing Denied June 17, 1968.

A. W. Salyars, Lubbock, for appellants.

Simpson, Adkins, Fullingim & Hankins, and Jewett E. Huff, Amarillo, for appellees.

CHAPMAN, Justice.

Appellants, Henry Williams and wife, Irene Williams, sued St. Anthony's Hospital and The Sisters of Charity of the Incarnate Word, Inc. doing business as St. Anthony's Hospital, Inc. for bodily injuries sustained by Mrs. Williams while a patient in said hospital.

A motion for summary judgment was filed by appellees on the ground that the hospital and other named corporation were charitable nonprofit institutions and consequently immune from liability for negligence. The summary judgment components in support of such immunity show the institutions as charitable, nonprofit institutions. No affidavit is filed by appellants contesting the operation of the hospital as a charitable institution, nor do any of the depositions show any probative evidence contrary thereto.

A court-made rule in Texas established the immunity of charitable institutions from tort liability for injuries to beneficiaries of charity, as well as to strangers sustaining no relation to the charity, in Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749 (1943). That doctrine was adhered to in Watkins v. Southcrest Baptist Church, Tex., 399 S.W.2d 530. By concurring and dissenting opinions, 399 S.W.2d 535, 536, such opinions announced: " * * * I believe that the Court should declare that particularly *in cases arising after this case becomes final,* it would feel free to reexamine the doctrine."[1] [Mr. Justice Greenhill concurring][2]

"I concur in the judgment of affirmance in this case, but would announce now that *the doctrine of charitable immunity will not be recognized in cases hereafter arising.*" [Mr. Justice Walker concurring]

"The doctrine of charitable immunity is a court-made doctrine. I would abolish it outright, preferably instanter, without distinction as to the nature or character of the various charitable organizations. I would agree to abolish it prospectively so that liability would attach only in cases arising hereafter. Finally, if driven to it, I would abolish it effective upon adjournment of the Regular Session of the 60th Legislature in 1967, thus permitting the Legislature to act in the matter if it wished to do so.

"Believing that the doctrine should be abolished here and now. I would reverse the judgments of the courts below and remand this cause to the trial court for trial on the merits.

"Accordingly, I dissent." [Chief Justice Calvert dissenting, joined by Mr. Justice Smith]

1. All emphases are ours.

2. All brackets herein are added.

The bodily injuries alleged herein occurred on or about September 5, 1963. At that time the supreme judicial rule of this state was that of Southern Methodist University v. Clayton, supra, without any dissent of our court of last resort or any caveat indicating the court might make a change in the charitable immunity doctrine.

Therefore, we have no choice as an intermediate appellate court except to follow the rules of charitable immunity made by our Supreme Court in CLAYTON and reaffimed by the majority in WATKINS, subject to prospective change after due warning.

Accordingly, the judgment summarily rendered is affirmed.

## ON MOTION FOR REHEARING

It is difficult from appellants' motion for rehearing to tell if they are urging error in our opinion announced on May 13, 1968, because the summary judgment record does not negative their right to a hearing on the merits of their allegations of administrative negligence of the hospital defendants, i. e., selecting and retaining the employee alleged to have been guilty of negligence which was a proximate cause of Mrs. Williams' injuries.

We did not write on that question in our original opinion because we do not consider the record raised the question. Their third point urged error in granting summary judgment because appellees are not as a matter of law exempt from liability for negligence of their managers, officers and vice-principals. Their fourth point asserted reversible error in granting summary judgment because appellees are not as a matter of law exempt from liability for negligence of their agents, servants and employees. Neither point, in our opinion, raises the question of negligence of appellees in selecting and retaining the alleged negligent employee. The same may be said for the motion for rehearing.

Southern Methodist v. Clayton, supra, held " * * * it is * * * well settled that it is not liable for injuries to beneficiaries of the charity, provided it is not negligent in hiring or keeping the agent whose negligence proximately caused the injuries." In Sullivan v. Sisters of St. Francis of Texas, 374 S.W.2d 294 (Tex.Civ.App.-San Antonio, 1963, n. w. h.) the intermediate appellate court held its charitable immunity doctrine does not protect appellee from liability for injuries caused by administrative negligence on the part of appellee as to nondelegable duties. In Medical and Surgical Memorial Hospital v. Cauthorn, 229 S.W.2d 932 (Tex.Civ.App.-El Paso, 1949, n. r. e.) the El Paso Intermediate Appellate Court quoted with approval from another authority as follows:

" 'The law is well settled in this State that a charitable institution is not liable to a beneficiary for the torts of its servants, unless it was negligent in the selection and retention of the employees and the instrumentalities used by it in carrying on and furthering its benevolent purposes.' "

Even if it could be said that the brief and motion for rehearing technically raise the question of administrative negligence in the selection and retention of the alleged negligent employee, the summary judgment record does not. This is understandable because the thrust of the brief is to convince this court that we should overthrow the doctrine of charitable immunity. For the reasons stated in our original opinion, we believe to do so in the instant case would be contrary to the latest expression of our Supreme Court on the subject in Watkins v. Southcrest Baptist Church, supra.

Plaintiffs properly alleged administrative negligence in their trial pleading. Defendant's affidavits and Quenna Cox's deposition negative such allegations. Plaintiffs' depositions do not show negligence in this regard. In fact, no employee

of the hospital was ever identified as the one guilty of the alleged negligence and no summary judgment proof was offered to show the unidentified individual was employed by the hospital, when she was employed, under what circumstances or for what period. We thus have an unsworn petition signed by appellants' counsel as against defendant's summary judgment components above mentioned. "When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered." Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960).

The Motion for Rehearing is overruled.