John W. HOWLE, Individually and as Next Friend for Johnny Howle, a Minor, Appellants,

v.

**CAMP AMON CARTER et al., Appellees.**

No. 17161.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 15, 1971.

Rehearing Denied Feb. 5, 1971.

Scarborough, Black, Tarpley & Scarborough, Abilene, Byrd, Davis, Eisenberg & Clark, and Bob Roberts, Austin, for appellants.

Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for appellees.

## OPINION

BREWSTER, Justice.

This suit was brought by John W. Howle, individually and as next friend of his minor son, Johnny Howle, against the Young Men's Christian Association of Fort Worth and Tarrant County and against Camp Carter, a branch of the Young Men's Christian Association of Fort Worth and Tarrant County, to recover damages for injuries sustained by the minor when struck in the eye by a sinker or weight attached to a fishing line being cast

by a fellow camper while they were both in attendance at a camping session at Camp Carter. As a result of being hit the boy lost the sight of an eye.

Recovery was sought from the two defendants named on the theory that defendants' employees (supervisors at the camp) committed negligent acts or omissions which proximately caused the injuries.

The defendants urged as a defense the fact that defendants were nonprofit organizations and contended that the doctrine of charitable immunity prevented them from being in any way liable to plaintiffs.

The defendants filed a motion for summary judgment urging this defense and the trial court sustained the motion, rendering a take nothing judgment in favor of defendants and this appeal is from that judgment.

On the appeal the plaintiffs' brief urges four (4) points of error. During the argument before this Court counsel for appellants stated to this Court that they waived their third point, same relating to appellees' evidence tending to prove that defendants were nonprofit organizations. Such counsel requested that this Court on this appeal assume that defendants were nonprofit or charitable organizations. For these reasons we will make no further mention of appellants' third point.

■ Appellants contend in Point 1 that the charitable immunity doctrine is not at this time the law in Texas because it was abolished by the Supreme Court of Texas in the case of Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 (Tex.Sup., 1966).

Prior to the decision in the Watkins case it was the law of Texas that charitable corporations are immune on the ground of public policy from liability for the torts of their agents, in the absence of negligence in employing or keeping the agent, whether the injured person is a beneficiary of the trust or a stranger to it. See

Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749 (1943).

In our opinion the Supreme Court in the Watkins case, supra, did not abolish the charitable immunity doctrine. It recognized that the doctrine was still the law in Texas and applied the law of charitable immunity in the Watkins case in affirming that judgment. See on this the article in December, 1968, Texas Bar Journal at page 1036, by Judge Joe Greenhill.

It is true that some members of the Supreme Court indicated in some of the various opinions written in that case that the doctrine of charitable immunity might be reconsidered and changed to some extent in the future.

Since neither the Supreme Court of Texas nor the Legislature have seen fit to abolish the charitable immunity doctrine or modify it since the decision in the Watkins case, supra, it was the constitutional duty of the trial court and it is now the constitutional duty of this intermediate appellate court to follow the law as announced by the Supreme Court in the Watkins case, and in the Southern Methodist University case, supra, where the same question was decided. See 15 Tex.Jur.2d 597, Sec. 137; Williams v. St. Anthony's Hospital, 431 S.W.2d 377 (Amarillo Tex. Civ.App., 1968, ref., n. r. e.); Shivers v. Good Shepherd Hospital, Inc., 427 S.W.2d 104 (Tyler Tex.Civ.App., 1968, ref. n. r. e.); Mayfield v. Gleichert, 437 S.W.2d 638 (Dallas Tex.Civ.App., 1969, no writ hist.), and Tunnell v. Otis Elevator Company, 400 S.W.2d 781 (Amarillo Tex.Civ.App., 1965, ref. n. r. e. in 404 S.W.2d 307).

The Texas Supreme Court has the power to overrule or modify one of its earlier holdings, but it is the duty of the Courts of Civil Appeals to follow decisions of the Supreme Court of the State as long as such decisions have not been overruled. Marmon v. Mustang Aviation, Inc., 416 S. W.2d 58 (Austin Tex.Civ.App., 1967, affirmed in 430 S.W.2d 182).

The principle of law involved here is well stated by the court in the case of Stark v. American Nat. Bank of Beaumont, 100 S.W.2d 208 (Beaumont Tex.Civ.App., 1936, error ref.) as follows: "The writer realizes that it is not the function of Courts of Civil Appeals to abrogate, or in any respect to modify, an established rule of decision in this state. That function properly rests alone with our Supreme Court for the obvious reason that to permit Courts of Civil Appeals to ignore established precedent would create all manner of confusion."

For the reasons stated we overrule appellants' Point No. 1.

By the second point appellants contend that it was error for the trial court to grant the summary judgment because the doctrine of charitable immunity is in violation of the due process clauses of both the Texas and United States Constitutions.

We have been referred to no case in support of this contention. We overrule the point. Many cases have been determined by applying the doctrine and as far as we know it has never been held to be unconstitutional.

Appellants waived their third point at argument time.

By their fourth point appellants contend that the trial court erred in granting the summary judgment because appellees did not show at the hearing that no issue of fact exists as to the merits of the case.

We overrule the point. We have been asked to assume by both parties in deciding this appeal that appellees are nonprofit and charitable organizations. Our holding here is that since appellees are nonprofit and charitable organizations they are not liable to appellants (plaintiffs) for damages even if their employee was guilty of negligence that proximately caused plaintiffs' damages because of the doctrine

of charitable immunity. For this reason the fourth point cannot present harmful error, because even if the point was good it would not change the decision in the case.

We affirm the judgment.