**S. Mort ZIMMERMAN et al., Appellants,**

v.

**Kenneth FRANZHEIM, II, Appellee.**

**No. 15923.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 22, 1972.

Zimmerman & Zimmerman, Warren E. Zimmerman, Dallas, for appellants.

Vinson, Elkins, Searls & Smith, John B. Holstead, III, Houston, for appellee.

BELL, Chief Justice.

Appellee recovered a summary judgment against S. Mort Zimmerman, Capital Exchange Corporation and several other makers of two promissory notes. Only Zimmerman and Capital Exchange have appealed.

March 23, 1971, appellee filed suit on two notes. One note was for the principal sum of $325,000, bore interest at the rate of 9½ percent per annum and provided for 10% attorney's fees. It was to become due on demand and if no demand was made, on March 15, 1970. It was dated October 15, 1969. The other note bore the same date and was identical in terms except the principal sum was $225,000. Appellee's petition was in proper form for recovery on both notes. Unsworn copies of the notes were attached to the petition. Appellants filed a joint answer consisting of a general denial.

April 23, 1971, appellee filed his unsworn motion for summary judgment supported by the affidavit of Mr. Franzheim. The affidavit complies with the requirements of Rule 166-A, Texas Rules of Civil Procedure, and asserts the execution and delivery of each note. It further recited that a "full, true and correct copy of each note is attached to 'Plaintiff's Original Petition' . . . and is incorporated herein for all purposes." It is also stated as to each note that plaintiff contends to be the owner and holder and the defendants are entitled to no credits, offsets or rights of recoupment. The affidavit shows

by factual recital that each note became past due March 15, 1970, and remained past due.

The motion is also supported by a sufficient affidavit of Harry Weeks swearing to correctness of the copies of the notes which are attached to his affidavit.

May 13, 1971, appellants filed what is denominated "Answer to Motion for Summary Judgment." This answer consisted in substance of the following:

1. A special exception to paragraph III, Subparagraph (B) and paragraph IV, Subparagraph (B) "for the reason that same constitute a conclusion of the affiants and is not competent evidence, as a matter of law, to support the allegations therein made." Paragraph III, Subparagraph (B) asserted that appellee "continued to be the owner and holder" of the $325,000 note, and the defendants were "entitled to no credits, offsets or rights of recoupment." This subparagraph also asserted "the principal sum of $325,000 plus accrued interest became past due on March 15, 1970, and remains past due." Paragraph IV, Subparagraph (b) of the affidavit contained precisely the same statements with regard to the $225,000 note.

2. By way of an affirmative defense appellants asserted there had been a compromise and settlement "after the due date in 1970 upon the basis that each maker thereof would be severally liable for his prorata share of the indebtedness, if any. Said agreement was entered into between these defendants and Mr. Richard Randall, attorney for the Plaintiff." Appellants further alleged that as a part of the agreement, it was agreed that no action would be taken on the debts "until such time as the collateral placed by these defendants had risen in value sufficiently to cover any balance owing." It is asserted that by entering into the agreement appellee had waived its right to proceed to judgment at the present time.

3. There was a special denial that plaintiff was the owner of the notes or that they were due.

4. There is a special denial that $550,000 was due and an assertion that "these defendants are entitled to offsets and credits among others, of a minimum of approximately $120,000; which amounts represent notes held by these defendants and payable by Plaintiff."

5. Recovery of attorney's fees cannot, as a matter of law, be the subject of a summary judgment.

The above answer is sworn to by Zimmerman for himself and Capital Exchange by separate oaths. Each oath states that Zimmerman was duly sworn and "says he has read the foregoing instrument and that all facts and allegations contained therein are true within his personal knowledge."

On May 14, 1971, plaintiff filed "Objections to Answer to Motion for Summary Judgment Filed by Co-Defendants Capital Exchange Corporation and S. Mort Zimmerman." This instrument in substance asserted the following:

1. The answer does not affirmatively show that Zimmerman is competent to testify to the matters stated or that he swore to or has personal knowledge of the matters stated therein.

2. The answer is a mere pleading and not independent proof of facts.

3. The allegations in the answer do not set forth facts "but rather contain mere denials and conclusions."

4. It contains no facts that would be admissible in evidence on trial.

5. Original answer of defendants does not support allegations.

The motion for summary judgment was granted May 17, 1971, though it was signed October 18, 1971. It was interlocutory in that it disposed only of the appellants.

The original notes were presented to the trial court at the hearing on May 17, 1971. Such originals have, on order of the trial court, been transmitted to this court. They are identical with the copies attached to the affidavit of Weeks. While appellants' brief asserts failure to produce the original notes, it was conceded by appellants' counsel on submission of the case that the originals were before the court when summary judgment was rendered.

As earlier noted, there were a number of other defendants. At various times interlocutory summary judgments or default judgments were rendered against all except Ross Brunner. He was dismissed with prejudice upon his paying $105,000, which payment was credited on the final judgment rendered against the other defendants.

November 11, 1971, appellee filed a motion to make the interlocutory judgments final.

November 19, 1971, appellants filed their "Motion to Vacate Interlocutory Summary Judgment." In it they assert an accord and satisfaction allegedly reached after the rendition of the interlocutory judgment. The substance of the alleged agreement was that Zimmerman was instrumental in bringing about a settlement of other litigation in which appellee had potential liability and appellee represented if this were done he would release the appellants. Prayer was that the interlocutory order be vacated and upon hearing final judgment be denied "until . . . defendants have been able to produce . . . full and convincing evidence of the merit of the facts and evidence . . ." Zimmerman swore that all facts and allegations contained therein are true and correct to the "best of his knowledge and belief."

Final judgment was rendered November 22, 1971. It recites that "Capital Exchange Corporation and S. Mort Zimmerman although duly notified of said hearing came not."

To entitle a movant to a summary judgment the summary judgment evidence must show the absence of any dispute as to the existence of any material fact. Such evidence must show the movant is entitled to judgment as a matter of law. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.); Gulf, Colorado and Santa Fe Railway v. McBride, 159 Tex. 442, 322 S.W.2d 492.

We conclude that the trial court correctly rendered judgment for appellee.

The summary judgment evidence of appellee consisted, as detailed above, of his original petition to which unsworn copies of the notes were attached, the unsworn motion for summary judgment, a supporting affidavit of appellee incorporating by reference the copies of the notes and swearing they are true and correct copies, the affidavit of Weeks swearing the copies of the notes attached to the affidavit are true and correct copies of the notes, and the originals of the notes. An examination of the instruments shows the notes to be due. Appellee was the payee in the notes and an examination of the originals produced by appellee does not show any transfer, nor does there appear that any payment has been made. Appellee's affidavit states he "continues" to be the owner and holder and the notes became due March 15, 1970. This was the due date as shown by the original notes. The original notes were before the trial court.

This summary judgment evidence, standing alone, in the light of an answer setting up only a general denial, would entitle appellee to judgment as a matter of law.

Appellants assert, however, that their answer to the motion for summary judgment and their motion to vacate the interlocutory summary judgment raised the following fact issues:

1. Whether appellee by his prior conduct waived the right to proceed against appellants.

2. Whether appellee was owner of the notes.

3. Whether the notes were due at the time of suit.

4. Whether there was an accord and satisfaction of the debts after rendition of the interlocutory summary judgment.

We suppose, in the light of their brief, appellants contend that their answer to the motion for summary judgment setting up that after the notes were due appellee agreed that no action would be taken until such time as the collateral had risen in value sufficiently to liquidate the notes raised a fact issue. We are unable to agree. The alleged agreement shows no consideration. It amounts to no more than agreement to postpone action to some indefinite date. It fails to show that appellants in any way obligated themselves not to pay the notes at any time. Tsesmelis v. Sinton State Bank, 53 S.W.2d 461 (Tex. Com.App.).

There was no fact issue as to the appellee being the owner and holder of the notes or as to the notes being due. Appellants merely filed a sworn special denial. They did not allege and swear to facts which if true would show appellee was not the owner and holder of the notes and the notes were not due. The denials merely initially would require production of the originals and proof that they were due. Appellee did this. The denial was a pure conclusion. The cases on which appellants rely merely hold a general denial puts a plaintiff on proof of these facts. Here appellee proved them as a matter of law.

Finally, appellants urge a fact issue was raised by their motion to vacate the interlocutory summary judgment. The motion purports to set up accord and satisfaction. This is an affirmative defense and the burden of proving accord and satisfaction was on appellants. 1 Tex.Jur.2d, Accord and Satisfaction, Section 45. The allegations are not sworn to except by Zimmerman "to the best of his knowledge and belief." The burden was not on appellee to negative this affirmative defense. Appellants needed to come forward with sworn allegations of fact which if true would raise an issue of fact. Gulf, Colorado & Santa Fe Railway v. McBride, supra; Kuper v. Schmidt, 161 Tex. 189, 338 S.W. 2d 948 (Tex.Sup.).

Affirmed.