Charles David **BUCKHOLTZ**, Appellant,

v.

**AUGUST, FRIMENT, GOREN & MURPHY,
P. C.,** Appellee.

**No. 4554.**

Court of Civil Appeals of Texas,
Eastland.

June 23, 1972.

Green, Gilmore, Crutcher, Rothpletz & Burke, David A. Newsom, Dallas, for appellant.

Berman, Fichtner & Mitchell, Linda A. Whitley, Dallas, for appellee.

McCLOUD, Chief Justice.

This is a summary judgment case. August, Friment, Goren & Murphy, P. C., a professional corporation, sued Charles David Buckholtz on a Michigan divorce judgment which ordered Buckholtz to pay attorneys' fees to August, Friment, Goren & Murphy. The trial court granted the professional corporation a summary judgment. Charles David Buckholtz has appealed. We affirm.

Appellant, Charles David Buckholtz, contends that the trial court erred in failing to take judicial notice of his discharge in bankruptcy. Appellee's summary judgment evidence consisted of written interrogatories and answers, an affidavit, and requests for admissions of facts and genuineness of documents, which were deemed admitted by order of the court. Appellant filed no response to the motion for summary judgment.

■ Appellant, in his original answer, alleged that the debt had been discharged in bankruptcy and attached to his answer an exhibit which purports to be a copy of an order of discharge. Appellant's pleadings cannot be regarded as summary judgment evidence. The Court in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960), stated the rule as follows:

"Defendants argued in the Court of Civil Appeals that summary judgment for the plaintiff was improper because they had alleged conditional delivery. There is no merit in this contention. When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. See Gulf, Colorado & Santa Fe Railway Co. v. McBride, Tex., 322 S.W.2d 492. . . . If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, it was incumbent upon them to come forward with 'evidence' sufficient to raise that question."

■ Appellant argues that at the summary judgment hearing he orally requested the trial court to take judicial notice of his discharge in bankruptcy. We do not think that such request alone would satisfy the rules regarding summary judgment proof. However, we do not reach that question because there is nothing in the record to show that such oral request was made by appellant.

We have considered all of appellant's points of error and all are overruled. The judgment of the trial court is affirmed.