CV3-558 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-558-CV




GERALD E. HAAG,



 APPELLANT


vs.





BENJAMIN SHEFMAN AND WILLIAM L. SCHROEDER,



 APPELLEES


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 90CV-243, HONORABLE FRED CLARK, JUDGE PRESIDING


 




PER CURIAM


 Gerald Haag appeals from a summary judgment rendered in favor of appellees in
their suit to collect on a promissory note and on his counter-claim for legal malpractice. 
Appellant brings three points of error, contending that the trial court erred in: (1) granting
summary judgment on the promissory note; (2) granting summary judgment on the counterclaim
based on a determination that limitations barred the claim; and (3) determining the counterclaim
was not timely filed. We will affirm the trial court's judgment.



Summary Judgment on the Note


 The promissory note in question was made to cover attorney's fees for appellees'
representation of appellant in litigation other than the cause underlying this appeal. (1) In his first
point of error, appellant contends that the trial court erred in granting summary judgment on the
note because appellees coerced him into executing it. Appellees respond that appellant cannot
raise this defense on appeal because he did not raise it in his response to their motion for
summary judgment and, even if the complaint were properly preserved, appellant failed to
establish this defense.

 Appellees moved for summary judgment and adduced evidence that established
their right to recovery on the note. In his response to the motion for summary judgment,
appellant contends that he executed the note because appellees "used coercive tactics to secure
Gerald E. Haag's signature on the note." In his affidavit offered as summary judgment proof, he
said: "The note made the basis of their claim in this case was executed in the middle of the trial
of this case and was represented to be for an appeal, if necessary. I was afraid they would make
good on their threat to leave me alone in the case unless I signed the note." 

 On review of a summary judgment, the movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and it is entitled to summary
judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). The dispositive issue is not whether the summary judgment proof raises fact issues,
but whether the summary judgment proof establishes as a matter of law that there is no genuine
issue of material fact. See Gibbs v. General Motors Corp. 450 S.W.2d 827, 828 (Tex. 1970).

 In a summary judgment proceeding, the non-movant must, in a written answer or
response to the motion, expressly present to the trial court those issues that would defeat the
movant's right to a summary judgment and failing to do so may not later assign them as error on
appeal. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex. 1979). When
the moving party establishes facts entitling it to prevail, the trial court will not deny a motion for
summary judgment because the opposing party has merely alleged matters which require a
different judgment be rendered. Kuper v. Schmidt, 338 S.W.2d 948, 951 (Tex. 1960); Fisher v.
Howard, 389 S.W.2d 482, 485 (Tex. Civ. App.--Dallas 1965, no writ).

 We need not decide whether appellant properly raised and preserved an affirmative
defense to collection on the note. Appellees established their right to collect on the note. Even
if we construe appellant's statement in his response that appellees "used coercive tactics" as
alleging a defense of duress or failure of consideration, (2) he did not provide summary judgment
proof adequate to raise a fact issue on the only allegations he offers to support his claim of duress. 
Appellees' summary judgment evidence established that the trial started March 16, 1987. The
note was executed on March 23, 1987, the same day that the judgment recites that the verdict was
returned in open court and accepted by the court. Appellant's only factual underpinning for his
assertion that appellees coerced him into signing the note because it was executed in the middle
of trial has been conclusively disproved, leaving him with the mere allegation that appellees
pressured him into signing the note.

 Assuming appellant presented an affirmative defense, he failed in his burden to
raise a fact issue on that defense. We overrule point of error one.



Limitations


 In point of error two, appellant contends that the trial court erred in finding that
the statute of limitations barred his cause of action for legal malpractice. Appellant makes two
arguments: (1) the statute of limitations was tolled until the mandate from this court issued after
the Texas Supreme Court denied his application for writ of error; and (2) he did not learn that the
supreme court denied his application for writ of error until the Comal County district clerk's
office informed appellant that the judgment had been satisfied with his supersedeas bond. 
Appellees respond that the tolling of the statute of limitations ended fifteen days after the supreme
court denied the writ application and appellant failed to move for a rehearing. They also contend
that appellant is improperly raising the "discovery rule" (3) for the first time on appeal.

 The statute of limitations is tolled in a legal malpractice action based on the
provision of services relating to litigation until all appeals of the underlying claim are exhausted. 
Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1992). In Hughes, the court
determined that "all appeals had been exhausted" as of the date that it had overruled the motion
for rehearing on the application for writ of error in the underlying lawsuit. Id. at 158. In the
instant cause, the Texas Supreme Court issued an order denying appellant's application for writ
of error on January 11, 1989, after which appellant had fifteen days to file a motion for rehearing. 
He took no further action. At that point, his appeals were exhausted and the tolling period ended.
Id. His claim, filed on February 14, 1991, fell outside the two-year statute of limitations
applicable to legal malpractice. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)(West 1986).

 In his brief on appeal, appellant contends that he did not learn that his writ
application had been denied until the middle of March 1989, when his supersedeas bond was used
to satisfy the judgment. However, appellant did not raise the discovery rule anywhere in his
pleadings in the trial court or in his response to the motion for summary judgment. He has
waived this issue on appeal. See Clear Creek Basin Auth., 589 S.W.2d at 679. We overrule
point of error two.



Timeliness of Counterclaim


 In point of error three, appellant attempts to avoid the bar of limitations by
asserting he filed the counterclaim timely on February 11, 1991. Tex. Civ. Prac. & Rem. Code
Ann. § 16.069 (West 1986). (4) Appellant contends that although his counterclaim was filemarked
February 14, 1991, it was nevertheless actually filed the day he mailed it, February 11, 1991. 
Tex. R. Civ. P. 5. The record contains no evidence to support a claim that appellant complied
with Rule 5(a), which states:



If any document is sent to the proper clerk by first-class United States mail in an
envelope or wrapper properly addressed and stamped and is deposited in the mail
on or before the last day for filing same, the same, if received by the clerk not
more than ten days tardily, shall be filed by the clerk and deemed filed in time. 
A legible postmark affixed by the United States Postal Service shall be prima facie
evidence of the date of mailing.



Id. (emphasis added).

 The transcript shows a copy of a letter to the district clerk dated February 11,
1991, apparently intended as a transmittal letter for the counterclaim. The only evidence of
mailing in the record, however, shows that appellant mailed the letter to William Schroeder, not
the clerk of the court. Because we have no evidence of compliance with the Rule 5 requirements,
we will overrule this point of error.

 We affirm the judgment of the trial court.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: January 11, 1995

Do Not Publish

1. [1] That litigation was Jesse J. Jergins, Jeronimo J. Jergins, William I. Steagall and C. Judine
Steagall, Peter Lingamfelter and Nisha Lingamfelter, Eduardo Prida and Jesus Perez Pavon v.
Gerald Haag; cause numbers 85-206-A; 85-273-B; 85-274-C; 85-207-B; 85-208-C; and 85-196-C;
in the district court, Comal County. Appellant bases his malpractice counterclaim on the Jergins,
et al. v. Haag litigation. 
2. [2] Appellant expressly raised "failure of consideration" in his answer to appellees' original
petitions.
3. [3] The discovery rule applies to legal malpractice causes of action. Willis v. Maverick, 760
S.W.2d 642, 646 (Tex. 1988). Under the discovery rule, the statute of limitations does not begin
to run until the claimant discovers, or in the exercise of reasonable diligence should have
discovered, the facts establishing a cause of action. Id.
4. [4] This section provides that a counterclaim arising out of the same transaction that is the basis
of an action may be filed not later than the thirtieth day after the party's answer is required,
notwithstanding that it would be barred by limitations.