**R. B. GRINDSTAFF, Appellant,**

v.

**A. T. TAYLOR, Appellee.**

No. 6688.

Court of Civil Appeals of Texas.

Amarillo.

July 1, 1957.

Clifford, Blanchard & Somers, Hugh Anderson, all of Lubbock, for appellant.

Clinton & Shelton, Lubbock, M. C. Ledbetter, Morton, for appellee.

CHAPMAN, Justice.

This suit was instituted in the court below by appellee, A. T. Taylor, against appellant, R. B. Grindstaff, in trespass to try title for title and possession of Lots 17, 18 and 19 in Block 120, Original Town of Morton, Cochran County, Texas. Appellant answered with a plea of "Not Guilty" and by cross-action sought judgment against appellee for title and possession to the property in question in an action in trespass to try title.

Appellee, Taylor, claimed title under a sheriff's deed dated August 7, 1951, executed under and by authority of an order of sale issued by the District Clerk of Cochran County, Texas, pursuant to a default judgment rendered in Cause No. 523a by the District Court of said county against appellant, R. B. Grindstaff, for delinquent real and personal property taxes in favor of the City of Morton and the Morton Independent School District and for delinquent real property taxes in favor of Cochran County and the State of Texas.

The case was tried to the court and by stipulation of the parties the common source of title was agreed to be in appellant. Judgment was rendered by the court below for A. T. Taylor for title and possession and R. B. Grindstaff has prosecuted this appeal. The case is before us without a Statement of Facts, the court below having made, at the request of appellant, Findings of Fact and Conclusions of Law and Additional and Amended Findings of Fact.

Appellant's only point of error is that the sale by the sheriff of Cochran County, under authority of the Judgment and Order of Sale in the 1951 tax suit was void because the three lots were sold in solido when the judgment and order of sale required each of said lots to be sold separately to satisfy the amount of taxes, penalty

and costs. By oral argument of counsel he admits his attack on the tax judgment is a collateral attack.

Appellee insists that the sheriff's sale was valid, that neither the judgment nor the order of sale foreclosing the tax liens required the sheriff to sell each lot separately for the delinquent taxes on each separate lot, and that the sheriff's sale was in compliance with the judgment and order of sale. The principal contention between the parties hereto is in the meaning of the word "each" as used in the tax judgment and order of sale following, wherein it referred to the property being foreclosed.

The record shows the following language used in connection with the judgment of foreclosure:

"Each of said respective amounts shown above for the taxes, penalty, and interest against each individual tract for each taxing unit a party to this suit, is a judgment against said tract with interest thereon at the rate of six per cent from date of this judgment, together with the pro rata costs of court costs as shown above and such other court costs as may be incurred as provided by law.

"It is therefore, ordered, adjudged and decreed that a lien exists against the above described property * * * for the respective amounts hereinafter stated for each of said tracts, which lien is hereby foreclosed on each of said above described tracts, and it is further decreed that an order of sale be issued * * * commanding such officer to seize, levy upon, and advertise for sale as under execution each of the above tracts for the respective amounts of taxes * * * due against each of said tracts and to sell each of said tracts to the highest bidder as under execution."

These uses of the word "each" in the judgment refer back each time to "the above tracts." Then when we refer back we find the property actually described as

one tract. Appellant asserts in his brief that "The county and state claimed only real property taxes and for one of the years, 1932, for which it claimed delinquent taxes was against Lot 18 only." To this statement we do not find agreement in the record. A careful examination of the tax judgment reveals that only Lot 18 was involved for the years 1930 to 1934 inclusive and that Cochran County and the State of Texas were the only taxing units on which there was a delinquency for those years. This is shown by the following statements and itemizations in the judgment:

"Cochran County and State of Texas

| | | |
|---|---|---|
| | 1930 | $1.18 |
| | 1931 | 1.22 |
| Lot 18 only ....... | 1932 | 1.22 |
| | 1933 | 1.34 |
| | 1934 | 1.38" |

The five above years are enclosed on the left of the years in a brace, with the clause, "Lot 18 only...." in the center. None of the other years are so designated. Additionally, the very small and almost equal amount of taxes for each of the five years convinces us the court below had a right in making his conclusions of law to consider that there was only one unit involved those five years; that is, Lot 18. No other taxes are shown for any of the taxing units for any other property for those five years and except as above shown the judgment nowhere lists, refers to or describes a breakdown of the amount of taxes due either of the taxing units for any one or any two of the three lots in question. Then, the judgment provides recovery for the aggregate sum of $1,947.94 taxes, penalty and interest upon the above described property for the years shown.

In describing the property the Order of Sale issued under the authority of the tax judgment provides:

"First Item:
Lots 17, 18 and 19, Block 120
Second Item:
Personal Property"

Then it lists under "First Item" the aggregate of taxes, penalty and interest due each taxing unit on the property as a whole, nowhere showing a breakdown of the amount of taxes against any one lot as distinguished from either of the others.

The court below, in his original Findings of Fact found that the tax judgment was for delinquent taxes in bulk on both realty and personalty and foreclosed the lien for taxes, penalty, interest and court costs in solido. The appellant requested that the findings be amended to entirely omit the term "solido" and that the actual wording of the judgment referred to be used. This request was complied with by the court, but in his Additional and Amended Findings of Fact he found "Said judgment was for delinquent taxes in bulk on both realty and personalty, * * *." Tr., Par. 1, page 25, line 7.

From the record before us and the finding of fact just above quoted, together with the other findings of facts and conclusions of law, it is our view of the case that the judgment did foreclose on the property as one unit and that the order of sale complied with the judgment in that respect.

In State Mortgage Corporation v. Ludwig, 121 Tex. 268, 48 S.W.2d 950, 954, judgment by default was rendered for the State of Texas against Albert Ludwig for delinquent taxes due it for the year 1920 in the sum of $64.49 and for penalty, interest and costs in the sum of $19.90, aggregating $84.39, due on Lot 88, City Block 167 and Lot 6, Block 3, City Block 1965 without stating the amount due on each lot. The order of sale followed substantially the same wording as that of the judgment. The sheriff, in giving notice of the sale, followed the same description as that in the order of sale. The tax judgment was attacked as a nullity because a lien was enforced against two separate lots for taxes on the aggregate value. After recognizing said attack, Judge Greenwood in speaking for the Supreme Court of Texas said:

"It suffices to dispose of the attack on the tax judgment before us as a nullity because a lien was enforced against two separate lots for taxes on their aggregate value, that there is nothing in the record of the tax suit nor even in the averments of defendant in error's pleadings to repel the presumption that the foreclosure followed a rendition by Albert Ludwig of both lots for taxation as one. We hold that the owner of lots, or an interest therein, or his assigns, who is thus responsible for the taxing authorities treating two parcels as one, will never be allowed to successfully attack, on that ground alone, the assessment, nor subsequent proceedings for the collection of the taxes."

In Herbert v. Smith, Tex.Civ.App., 183 S.W.2d 191, 194, wherein a conveyance was made by the sheriff to the State, one of the taxing units, subject to the owner's statutory right of redemption, the sheriff's conveyance was attacked on a number of grounds, one of which was "Because the Sheriff sold said tracts of land in solido; whereas the order of sale directed sale in separate tracts." Judge Baugh, in speaking for the Austin Court of Civil Appeals said:

"None of these matters render void the judgment, the order of sale, nor the validity of the Sheriff's deed, each of which was regular and valid on its face. They cannot therefore be urged in a collateral attack. The attack here made is admittedly a collateral attack on the tax sale, and the presumption is in favor of its validity."

In Restivo v. Franklin, Tex.Civ.App., 177 S.W.2d 811, 812, the Court of Civil Appeals of Waco had under consideration the validity of a delinquent tax judgment which found the amount of the delinquent taxes for the years sued for against each of the five lots in question then found that such defendant's owed a total amount of $410.15 and then decreed that plaintiff be

awarded a foreclosure of its constitutional tax lien for the years named in the total sum upon the five tracts.

Appellee's contention was that the sheriff did not obey the judgment and order of sale by selling each tract separately for the amount adjudged against each particular lot, but on the contrary sold all the tracts in bulk. There is no record in that case of the judgment or order of sale using the word "each" in reciting the foreclosure or sale. In this respect it is a stronger case for the validity of the tax judgment than the instant case. But in that case the judgment found the amount of taxes against each lot, whereas in the case at bar there is not any record of delinquent taxes against any one of the three lots separate from any other for any particular year, but each year was totaled for each taxing unit on the property as a whole. As applicable hereto, Judge Tirey in the Restivo case above cited says:

"Our Supreme Court in Brown v. Bonougli, 111 Tex. 275, 232 S.W. 490, 492, held 'that the validity of the sale under judicial foreclosure of a tax lien is to be determined by the rule governing judicial sales, and not sales purely statutory and summary.' And it is also held in effect that it was the intent of the Legislature 'to throw around the owner's right and title every safeguard furnished by due and orderly judicial procedure, and to put the tax sale, in consummation of a valid judicial foreclosure, on the same plane, with respect to collateral attack, as other execution sales.' This decision has been followed uniformly. See Stevenson v. Mills, Tex.Civ.App., 14 S.W.2d 94, points 2, 3 and 4; Griggs v. Montgomery, Tex. Civ.App., 22 S.W.2d 688, points 7, 8, 9 and 10. See also Orr v. Wallace, Tex.Civ.App., 285 S.W. 650, affirmed Harrison v. Orr, Tex.Com.App., 296 S.W. 871."

The only facts we have in this case are the court's findings as shown in the transcript, which findings this court is obligated to follow. The court below found the tax judgment in controversy was rendered in a court of competent judication; that it was regular and valid on its face; that R. B. Grindstaff was personally served with citation; that an order of sale was issued in accord with the judgment; that in accord with the order of sale the sheriff gave notice of the sale for the time and manner required by law; that R. B. Grindstaff received notice of the sale prior to the time the property was sold; that the sheriff sold it in the manner required by law; that A. T. Taylor, the highest bidder, purchased the property for an amount not less than that allowed by the judgment and order of sale; that the sheriff of Cochran County executed a sheriff's deed conveying the property in question to A. T. Taylor and that the deed was filed for record in the office of the County Clerk of Cochran County on August 7, 1951, and recorded in the deed records on August 14, 1951.

The record before us shows if Mr. Grindstaff or his attorney, at any time before the sale would have made written request that the property be divided and sold in less tracts than the whole the sheriff would have so divided it and would have sold only as many subdivisions as necessary to satisfy the judgment, interest and costs. This request was not made and the property was not redeemed within the two year period of redemption.

Appellant relies principally upon the Supreme Court case of Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319, and the cases that cite it, for authority that the judgment in tax suit 423a in Cochran County was void, a nullity, and that the sheriff's deed passed no title to appellee, Taylor. We have carefully studied the facts in the case just cited, both by the Court of Civil Appeals and the Supreme Court. There are so many distinguishing features in the case just cited and the instant case as to make it unnecessary for us to recite them. Suffice it to say that the record in the case at bar shows a treat-

ment by the taxing authorities of one unit of propery throughout all the instruments we have before us involving the procedures that led to the tax judgment under consideration.

The record reveals appellant was personally served with citation but permitted a judgment by default to be rendered against him. He was given an opportunity of calling for a sale in separate units and failed to take advantage of it. He had two years in which to redeem the property and did not exercise the privilege. We believe the record is clear that he was responsible for, or at least permitted the taxing authorities to treat the lots as one unit. To say the least, there is nothing in the record nor in the averments of appellant's pleadings to repel such presumption.

So, when the findings and conclusions of the court below are considered in connection with the record as a whole we must conclude the court properly awarded judgment for appellee, Taylor, for title and possession of the property in controversy. Accordingly, the judgment of the court below is affirmed.