**N. T. WOMACK, Jr., Appellant,**

v.

**BALLARD SALES COMPANY, Appellee.**

**No. 14988.**

Court of Civil Appeals of Texas.

Houston.

Feb. 23, 1967.

Martin & Black, John A. Black, Jr., Bellaire, for appellant.

Liddell, Austin, Dawson & Sapp, Marion Sanford, Jr., W. Robert Brown, Houston, for appellee.

COLEMAN, Justice.

This is a suit on an account filed by appellee against Charcoal, Inc. and N. T. Womack, Jr. After a trial to the court without a jury, a judgment was entered against the defendants. Only N. T. Womack, Jr. has appealed. The questions presented are whether appellant's agreement to guarantee the payment of the account due to appellee by Charcoal, Inc. is supported by consideration and whether the agreement is within the statute of frauds.

Appellant did not appear at the trial of this case. The statement of facts reflects J. K. Ballard, Jr., President of Ballard Sales Company, testified that the company sold certain merchandise to Charcoal, Inc., but that before the merchandise was delivered he determined that Charcoal, Inc. "was not entitled to credit". He then discussed the matter with Mr. Womack, President of Charcoal, Inc., in the presence of Mr. Irby, and told him that Ballard Sales Company would not deliver the merchandise without "some additional assurances of being paid". Mr. Womack then stated that he would assume responsibility for payment; that he would personally pay the account. Mr. Ballard then stated that "we would look to him for payment." Mr. Irby, sales representative of the Ballard Sales Company, testified that he heard this conversation. The balance due on the account was proven. By deposition Mr. Womack testified that he guaranteed payment of the Charcoal, Inc. debt, and that he intended to perform his guarantee. He identified a letter, introduced into evidence, which he wrote to the attorney for the Ballard Sales Company, in which he stated that he had personally guaranteed the account. There was evidence that he had paid the sum of $200.00 on the account.

By an invoice dated August 10, 1960, the date of shipment of the merchandise was

shown as August 3, 1960. Appellee alleged that "on or about August 10, 1960" appellant guaranteed the payment of the account by an instrument in writing. The only instrument in writing in evidence by which the account was guaranteed by appellant is the letter referred to above, which was dated December 10, 1960.

There was evidence of probative force that both Charcoal, Inc. and N. T. Womack, Jr. were indebted to appellee, and that N. T. Womack, Jr. had guaranteed payment of the debt of Charcoal, Inc. Appellant's First and Second Points cannot be sustained.

Appellant's Third Point is that there was no consideration for any promise that appellant might have made to guarantee payment of the debt of Charcoal, Inc. The testimony that delivery of the merchandise was made in reliance on the guarantee, and that credit would not have been extended to Charcoal, Inc., together with the fact that the merchandise was thereafter delivered, establishes consideration for the parol agreement to guarantee the debt. Gulf Liquid Fertilizer Company v. Titus, 163 Tex. 260, 354 S.W.2d 378 (1962).

In his final Point appellant complains that the judgment of the trial court is erroneous in that no written promise to pay the debt of Charcoal, Inc. was introduced in evidence and any other promise that may have been proved contravenes the Statute of Frauds (Article 3995, Vernon's Ann.Tex. Civ.St.).

In Gulf Liquid Fertilizer Company v. Titus, supra, the court held that an oral promise creating primary responsibility in the promisor to the creditor-promisee is without the Statute of Frauds and is therefore enforceable. There is testimony that appellant agreed to pay for this merchandise. The merchandise was furnished on his credit. The promise, therefore, is without the statute, and was properly enforced by the judgment entered. Wells-Grinnan M A B v. Belton Sand & Gravel Company, 293 S.W.2d 70 (Tex.Civ.App.—Austin 1956).

The judgment of the Trial Court is affirmed.