**WATKINS MOTOR LINES, INC.,**
**Appellant,**

v.

**PLANTATION FOODS, INC., Appellee.**

**No. 5182.**

Court of Civil Appeals of Texas,
Waco.

Oct. 12, 1972.

Tabor, Fowler & Allen, Irving, for appellant.

Beard & Kultgen, Thomas L. Cook, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Watkins from summary judgment against it for $927.50 (plus $27.84 interest).

Plaintiff Plantation sued defendant Watkins alleging defendant owed plaintiff $409.24, $471.40, and $46.86 (totaling $927.-50) for the lease by plaintiff of a trailer-tractor to defendant.

Defendant's Second Amended Answer does not contain a general denial, but pleads affirmative defense that the cargo hauled was spoiled on arrival for which reason plaintiff was liable for damaged merchandise.

In answer to plaintiff's requests for admissions defendant admitted it withheld from plaintiff the sum of $927.50, on the three leases.

Plaintiff moved for summary judgment. Plaintiff's comptroller made affidavit that defendant owed plaintiff $927.50, on three leases of tractor-trailer equipment.

Defendant answered plaintiff's motion for summary judgment asserting the material shipped was delivered in "off condition" for which reason "plaintiff is responsible to defendant for damages incurred and has no claim against defendant".

The trial court entered summary judgment for plaintiff for $955.34 ($927.50 plus $27.84 interest to date of judgment).

Defendant appeals on one point: "The trial court erred in granting (plaintiff's) motion for summary judgment because (plaintiff) did not establish by competent summary judgment proof its right to recover as a matter of law".

Plaintiff plead its entitlement from defendant to $927.50 for three tractor-trailer leases. Defendant did not deny the leases or the amount alleged to be due. The summary judgment record reflects affidavit of plaintiff's comptroller that defendant owes plaintiff the $927.50; and defendant in answer to requests for admissions admitted withholding the $927.50 due on the leases.

Material allegations of fact in plaintiff's petition which are not denied by proper pleading are taken as admitted. Brill v. Guaranty State Bank, Tex.Com.App., 280 S.W. 537; McGuire v. Rogers, Tex.Civ. App., NWH, 443 S.W.2d 619.

Defendant's pleading and its answer to plaintiff's motion for summary judgment are not summary judgment evidence. Hidalgo v. Surety Savings & Loan Ass'n., Tex., 462 S.W.2d 540. Lancaster v. Wynnewood State Bank, Tex.Civ.App., NWH, 470 S.W.2d 78.

And when facts entitling the moving party to summary judgment have been established, as here, the motion will not be denied merely because the opposite party has alleged matters in pleadings, which if proved, would require that a different judgment be rendered. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Molsen v. Compania Industrial, Tex.Civ. App., NWH, 304 S.W.2d 271.

Defendant's point is overruled.

Affirmed.