GANDA, INC., and John A. Glover,
Appellants,

v.

ALL PLASTICS MOLDING, INC.,
Appellee.

Nos. 5424, 5425.

Court of Civil Appeals of Texas,
Waco.

March 27, 1975.

Rehearing Denied May 1, 1975.

Geary, Brice, Barron & Stahl, G. Leroy Street, Dallas, for appellants.

Locke, Purnell, Boren, Laney & Neely, John Guittard, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment awarding plaintiff All Plastics, judgment against defendants Ganda, Inc., and John A. Glover, for $27,738.59; denying plaintiff attorneys' fees; and denying defendant Ganda, Inc., recovery against plaintiff.

All Plastics sued Ganda for $27,738.59 for fabricated plastic parts furnished Ganda (for use in constructing fire extinguishers), and sued Glover, (president and 80% owner of Ganda) on his written guaranty of the indebtedness of Ganda. The suit was plead on verified account and alternatively upon breach of contract.

Ganda filed cross action against All Plastics for "actual, indidental and consequential damages" in the amount of $439,781.87, for breach of express and implied warranties; and Glover plead no consideration and alternatively partial failure of consideration for the execution of his guaranty.

Prior to trial All Plastics filed motion for partial summary judgment alleging the plaintiff and defendant Ganda expressly contracted that plaintiff "shall in no event be liable for special or consequential coverages"; and the trial court entered summary judgment that Ganda take nothing as to any item of special or consequential damage alleged in its cross action.

Trial thereafter was to a jury which found:

1) Plaintiff All Plastics substantially performed the contract entered into by plaintiff and Ganda, Inc., on December 30, 1971. (Substantial performance was defined as full performance insofar as the right to recover on the contract is concerned).

2) The reasonable market value and/or agreed price for the goods and/or specially fabricated material furnished by plaintiff All Plastics to Ganda in accordance with the contract was $27,738.59.

3) The guaranty executed by defendant John A. Glover on January 24, 1972 was for a valuable consideration.

4) Defendant Ganda exercised ownership over the parts delivered to it by All Plastics after any complaints were made to All Plastics.

5) Ganda sold Model 100–A Kitchen Fire Ranger using plaintiff All Plastics' parts after October 2, 1972.

6) Ganda advertised the Model 100–A Kitchen Fire Ranger using plaintiff All Plastics' parts as safe and fit for its intended purposes after October 2, 1972.

7) Prior to accepting Ganda's order, plaintiff All Plastics knew the particular purpose for which the plastic parts were intended to be used.

8) At the time All Plastics delivered the plastic parts to Ganda some of said plastic parts were not reasonably fit for the purposes for which they were intended to be used.

9) All Plastics did not make the express warranty that the plastic parts were of uniform size and quality.

11) Defendant Ganda, should not be given chedit for any sum of money for plastic parts not reasonably fitted for the purposes for which they were intended.

The trial court rendered judgment: 1) finding plaintiffs reasonable attorneys' fees were $7500; $1500. additional if the case went to the Court of Civil Appeals; $1000. additional if the case went to the Supreme Court; and that plaintiff is not entitled to recover attorneys' fees under Article 2226 Vernon's Ann.Civ.St. of Texas.

2) Decreeing plaintiff All Plastics recover $27,738.59 with 6% interest from January 1, 1973 jointly and severally from defendant Ganda, and defendant Glover; that plaintiff recover nothing for attorneys' fees; and that defendant Ganda take nothing against plaintiff All Plastics.

Defendants appeal on four points contending the trial court erred:

1) In granting plaintiff's motion for partial summary judgment.

2) In rendering judgment for plaintiff in any amount as the $27,738.59 found by the jury to be due plaintiff is less than $40,331.14 which the evidence reflects had been paid to plaintiff by defendant Ganda.

3) In awarding judgment against John A. Glover because the written guaranty executed by Glover was not supported by consideration.

Plaintiff, All Plastics by cross point contends the trial court erred in denying it its reasonable attorneys' fees under Article 2226 because plaintiff's claim for custom molded plastic parts is plainly a claim for special fabricated materials furnished to the buyer defendant Ganda, for assembly with other non plastic parts into a finished product.

Defendants' contention 1 is the trial court erred in granting the partial summary judgment.

Defendant Ganda's cross action sought recovery against plaintiff All Plastics for $439,781.87 "actual, incidental, and consequential damages".

The record on summary judgment reflects that the contract of the parties provided "23. [All Plastics] shall in no event be liable for special or consequential damages." Section 2.719 of the Texas Business and Commerce Code, V.T.C.A., provides "(c) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable."

■■ All Plastics affirmatively demonstrated it was entitled to summary judgment when it properly proved up the limitation provision in paragraph 23 of the contract. Ganda, was then under a duty to come forward with some evidence raising a fact issue on its unconscionability defense to the enforcement of the provision. When a plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to his summary judgment if he demonstrates by evidence that there is no material fact issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense. Gulf C & S F Ry. Co. v. McBride, S.Ct., 159 Tex. 442, 322 S.W.2d 492, 500; Kuper v. Schmidt, S.Ct., 161 Tex. 189, 338 S.W.2d

948, 951; Watkins Motor Lines, Inc., v. Plantation Foods, Inc., CCA, NWH, Tex. Civ.App., 485 S.W.2d 951, 952.

Moreover the partial summary judgment excluded only "Special or consequential damages", but did not exclude items of incidental or actual damages. During trial Ganda, Inc., introduced no evidence of incidental or actual damage, and at no time did the trial court exclude evidence of incidental or actual damage because of the partial summary judgment. Ganda brings forward no points to the effect that the trial court excluded evidence of incidental or actual damage at the time of trial, and Ganda did not secure any finding that All Plastics was liable to Ganda for any incidental or actual damages.

Finally Ganda's allegations of special or consequential damages consisted of a speculative claim for commercial loss in profits and general operating expenses for a new and unestablished business that never showed a profit.

The rule denying a recovery where the facts show that such profits claimed are too uncertain or speculation, or where the enterprise is new or unestablished, is enforced on the ground that the profits which might have been made from such business are not susceptible of being established by proof to that degree of certainty which the law demands. Southwest Battery Corp. v. Owen, S.Ct., 131 Tex. 423, 115 S.W.2d 1097, 1099.

Defendants' contention 2 complains of the judgment for plaintiff for $27,738.59 when the evidence reflects that $40,331.14 was paid to plaintiff by defendant, Ganda, Inc.

The jury found the reasonable market value of the materials furnished by All Plastics to Ganda in accordance with the contract was $27,738.59. Defendant Ganda did not plead, prove or request issues on payment. The record reflects that $40,331.14 was paid to All Plastics by Ganda in partial payment on accounts owed, and that credit was given by All Plastics for such payments, but that there was still a balance due over and above the $40,331.14 of $27,738.59; and Ganda introduced no evidence that any part of the $27,738.59 had been paid, and defendant Glover, President of Ganda, specifically testified that no part of the $27,738.59 had been paid.

The evidence supports the finding of the jury. East Texas Theatres, Inc., v. Rutledge, S.Ct., Tex., 453 S.W.2d 466, and finding supports the judgment. First Federal Savings & Loan Assn. v. Sharp, S.Ct., Tex., 359 S.W.2d 902.

Defendants' contention 3 is that the trial court erred in rendering judgment against Glover on his written guaranty because it was not supported by consideration.

All Plastics and Ganda contracted on December 30, 1971. Glover delivered his written guaranty to All Plastics on January 26, 1972. Ganda was a new business with no established credit. Glover was its president and owned 80% of its stock. Glover was a man of considerable assets. All Plastics had the right to insist on cash payment in advance for parts shipped to Ganda, and there is evidence it would not have shipped parts to Ganda without the guaranty from Glover. After receiving the guaranty from Glover All Plastics shipped parts to Ganda on credit. Glover's guaranty was supported by consideration. Waller v. Missouri City State Bank, CCA, NRE, 482 S.W.2d 40; Womack v. Ballard Sales Co., CCA, NWH, Tex.Civ.App., 411 S.W.2d 956; Gulf Liquid Fertilizer Co. v. Titus, S.Ct., 163 Tex. 260, 354 S.W.2d 378.

All of defendants' points and contentions are overruled.

Plaintiff's cross point contends the trial court erred in denying its reasonable attorneys' fees under Article 2226 RCS.

All Plastics specially fabricated plastic component parts under a contract with Ganda. Ganda assembled the plastic pieces together with other items into a home fire extinguisher called the Kitchen Fire Ranger Model 100–A.

Pacific Coast Engineering Co. v. Trinity Construction Co., S.Ct., Tex., 481 S.W.2d 406 holds that a plaintiff can recover the balance due on the contract price plus reasonable attorneys' fees on a claim for gates furnished to a defendant who was building a dam. The court restated the broad definition of materials furnished under Article 2226 as "the substance or substances, or the part, goods, stock or the like of which anything is composed or may be made."

 Here All Plastics especially fabricated plastic component parts clearly serve no useful purpose standing alone and become useful only when, as intended, are assembled by Ganda with other components to become part of a finished product, a fire extinguisher. We think they constitute specially fabricated materials furnished, and that All Plastics is entitled to the reasonable attorneys' fees found by the trial court's judgment as against defendant Ganda.

Defendant Glover's liability is as a guarantor of Ganda. The guaranty agreement does not provide any contractual obligation to pay All Plastics attorneys' fees. Signers of guaranty agreements are not liable for attorney's fees incurred in suits to enforce such guaranty agreements in the absence of express provision for such liability. Blume v. National Homes Corp., S.Ct., Tex., 441 S.W.2d 176.

All defendants' points are overruled. Plaintiff's cross point is sustained as to Ganda.

The judgment is modified to award plaintiff All Plastics judgment against defendant Ganda for its reasonable attorneys' fees as found by the trial court, $7500. plus $1500. in the Court of Civil Appeals and an additional $1000. if application for writ or error is made to the Supreme Court. As modified the judgment is affirmed.

Costs of appeal taxed ½ against Ganda and Glover, jointly and severally; and ½ against Ganda.

Modified and affirmed.