**John W. VILBIG, III, Appellant,**

v.

**CITY OF WAXAHACHIE, Appellee.**

No. 6221.

Court of Civil Appeals of Texas, Waco.

July 31, 1980.

Rehearing Denied Aug. 21, 1980.

John W. Vilbig, III, pro se.

Steven F. Chapman, Chapman, Chapman, Ellyson & Hines, Waxahachie, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Vilbig from summary judgment he take nothing in his suit against defendant City of Waxahachie.

---

1. R. McDonald, Texas Civil Practice § 4.10.1 (1965).

Plaintiff sued defendant City seeking relief from the City's alleged illegal method of billing for water, sewage and garbage collection from a mobile home park owned by plaintiff. Plaintiff among other matters, sought permanent injunction against and declaratory judgment concerning the method employed by the City in billing for water, sewage and garbage collection in his mobile home park.

The City answered by general denial and thereafter filed motion for summary judgment plaintiff take nothing asserting such motion and affidavits show there is no genuine issue as to a material fact.

Supporting the motion is a certified copy of the City of Waxahachie's Ordinance which sets the water and sewer rates and controls the computing thereof, and the affidavit of the City Finance Director that the billing of plaintiff's mobile home park has at all times been in conformance with the Ordinances of the City.

Plaintiff filed no affidavits in opposition.

The trial court granted such motion and rendered judgment plaintiff take nothing.

Plaintiff appeals on 6 points asserting among other matters:

1) The affidavits submitted by the City are not summary judgment evidence and should be stricken.
2) No oral testimony should have been taken at the trial.
3) Under Rule 166–A failure to file counter affidavits to motion for summary judgment is not necessarily fatal.

We have examined the affidavits of the City and conclude that same are summary judgment evidence.

While there is in the record a document labeled, "Statement of Facts" it contains only statements by the Court and Counsel at the hearing, and contains no evidence whatsoever.

The affidavits on file show the City has billed plaintiff in accordance with its ordinances, and plaintiff has filed no affidavits or presented no summary judgment evidence to the contrary. The trial court properly rendered the summary judgment. *City of Houston v. Clear Creek Basin Authority,* Tex., 589 S.W.2d 671; *Kuper v. Schmidt,* Tex., 338 S.W.2d 948; *Watkins Motor Lines, Inc. v. Plantation Foods, Inc.,* Tex.Civ.App. (Waco) NWH, 485 S.W.2d 951.

All plaintiff's points have been considered and are overruled.

AFFIRMED.