Uballe v. Trimble 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-95-00260-CV







Linda Uballe, Appellant



v.



Ryan Trimble, Bob Bindseil, Richard Culpepper, Tommy Giambernardi,


and City of Blanco, Appellees







FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4119, HONORABLE D. V. HAMMOND, JUDGE PRESIDING







PER CURIAM


 We overrule appellees' motion for rehearing, withdraw our opinion and judgment
of May 1, 1996, and substitute the following therefor. Appellant Linda Uballe appeals the trial
court's take-nothing judgment in her suit against appellees Ryan Trimble, Bob Bindseil, Richard
Culpepper, Tommy Giambernardi, and the City of Blanco. Uballe sued appellees alleging six
causes of action after the Blanco City Council discharged her from her position as city clerk. 
When the events on which Uballe based her suit occurred, Trimble was mayor of the City of
Blanco and Bindseil, Culpepper, and Giambernardi were members of the city council. The trial
court granted appellees' motion for summary judgment on each cause. We will affirm in part and
reverse and remand in part.

 In her first point of error, Uballe argues that the trial court erroneously granted
summary judgment based on official immunity on five of her causes of action. Uballe concedes
that her defamation claim was properly subject to summary judgment based on the defense of
absolute immunity. Because appellees did not assert official immunity as a ground for summary
judgment on Uballe's five non-defamation causes, we overrule point one.

 In her second point of error, Uballe contends that the trial court erred in granting
summary judgment on her claim of malicious prosecution. Uballe asserted this claim only against
Trimble. To prevail on her malicious prosecution claim, Uballe was required to prove seven
elements: (1) the commencement of a criminal prosecution against Uballe; (2) which Trimble
initiated or procured; (3) which terminated in Uballe's favor; (4) that Uballe was innocent; (5) that
no probable cause existed for the proceeding; (6) that it was done with malice; and (7) that it
resulted in damage to Uballe. Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 293 (Tex.
1994); Futerfas v. Park Towers, 707 S.W.2d 149, 161 (Tex. App.--Dallas 1986, writ ref'd n.r.e.);
Thomas v. Cisneros, 596 S.W.2d 313, 316 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.).

 As a defendant moving for summary judgment, Trimble had to disprove, as a
matter of law, at least one essential element of Uballe's malicious prosecution claim. Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Citizens First Nat'l Bank v. Cinco
Exploration Co., 540 S.W.2d 292, 294 (Tex. 1976). When reviewing a summary judgment, we
take as true all evidence favoring the nonmovant, indulging every inference and resolving every
doubt in her favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).

 Uballe alleged in her petition that Trimble signed a complaint and caused her to be
arrested for making harassing telephone calls to his home. In moving for summary judgment on
Uballe's claim of malicious prosecution, Trimble alleged that probable cause existed to charge
Uballe, that he did not initiate or procure the charge against her, and that Uballe was not innocent
of the charge. On appeal, Uballe fails to attack this last ground, arguing instead that Trimble did
not present lack of innocence as a ground in moving for summary judgment.

 In replying to Uballe's response to his supplemental motion for summary judgment,
Trimble alleged that Uballe admitted making the telephone calls. Trimble combined his reply with
a motion for leave to file a deposition transcript supporting this allegation. The combined reply
and motion for leave were filed seven days before the hearing on appellees' supplemental motion
for summary judgment, and in its order granting summary judgment, the court expressly granted
leave to file the deposition transcript. Because the movant has no deadline for replying to the
nonmovant's response, we determine that Trimble's reply, raising the ground of Uballe's lack of
innocence, was properly before the trial court. Knapp v. Eppright, 783 S.W.2d 293, 296 (Tex.
App.--Houston [14th Dist.] 1989, no writ); see Tex. R. Civ. P. 166a(c).

 The trial court did not specify the basis on which it granted summary judgment. 
By failing to attack all the grounds stated in the motion, Uballe has failed to show error in
granting summary judgment on her malicious prosecution claim. Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995); Thomson v. Norton, 604 S.W.2d 473, 477 (Tex. Civ. App.--Dallas
1980, no writ); Rodriguez v. Morgan, 584 S.W.2d 558, 559 (Tex. Civ. App.--Austin 1979, writ
ref'd n.r.e.). We overrule point of error two.

 In point of error three, Uballe asserts that the trial court erred in granting summary
judgment on her claims that appellees violated the Open Meetings Act. See Tex. Gov't Code
Ann. §§ 551.001--.146. Uballe alleged in her petition that appellees violated two provisions of
the Act, the first being the requirement that the City properly notify the public of its meetings. 
See §§ 551.041, .043. Uballe pleaded that the city council's meeting notices failed to specify the
subjects to be discussed, improperly cited statutes, and were improperly posted.

 The Act requires a governmental body to give written notice of the time and subject
of each meeting it holds and to post the writing in an accessible place at least seventy-two hours
before the scheduled time of the meeting. Id. To support their motion for summary judgment,
appellees submitted the posted agenda for the July 9, 1991, meeting, at which Uballe was
terminated, and the affidavit of Bobbie Mowery, the City's secretary. Mowery testifies in her
affidavit that her office was responsible for posting city council meeting notices. She then sets
forth the City's practice in posting meeting agendas: the mayor and the city council determine
the specific items to be included on the agenda; Mowery's office prepares the agenda and posts
it in front of the door to the city council's meeting room at least seventy-two continuous hours
before the meeting begins; and the agenda is available for public inspection at least seventy-two
hours before the meeting. Uballe responded to appellees' motion that the agenda for the July 9,
1991, meeting contained a vague description of the subject to be discussed.

 Given the general allegation in Uballe's petition that notices were improperly
posted and her failure to raise any controverting fact issue on the method of posting in her
response, we determine that appellees conclusively proved that meeting notices were properly
posted. Vilbig v. City of Waxahachie, 603 S.W.2d 370, 371 (Tex. App.--Waco 1980, writ
dism'd). The agenda for the July 9, 1991, meeting clearly states the subject matter of the meeting
and explicitly mentions that Uballe's employment status or termination will be considered. Uballe
nevertheless argues that she raised a fact issue on the method of posting notice by presenting to
the trial court her answers to interrogatories. Because Uballe was required to raise issues in
opposition to the summary-judgment motion in her response rather than in her evidence, this
argument has no merit. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993). We therefore overrule point three as to Uballe's claim that meeting notices were posted
in violation of the Open Meetings Act.

 Uballe also alleged in her petition that appellees Giambernardi, Culpepper,
Bindseil, and Trimble violated the Act by meeting before council meetings to plan their actions
at council meetings. Uballe claimed that the secret actions of the four appellees caused her
termination and that the City's act of terminating her in violation of the Act was void. See
§§ 551.141, .143.

 In their motion for summary judgment, appellees conceded that the four council
members would from time to time speak with one another concerning issues of importance to City
government. The appellees claimed, however, that a quorum of members never met without
complying with the Act. Uballe responded that the Act could be violated even if less than a
quorum of city council members met. She pointed out that a member or group of members of a
governmental body commits an offense by knowingly conspiring to circumvent the Act by meeting
in numbers less than a quorum for secret deliberations. (1) § 551.143. We agree that appellees'
concession that council members talked about city issues outside formal meetings raises a fact
issue whether they violated section 551.143 by meeting in numbers less than a quorum to secretly
deliberate.

 Appellees assumed the summary-judgment burden of negating, as a matter of law,
at least one essential element of Uballe's Open Meetings Act claim. Centeq Realty, Inc., 899
S.W.2d at 197; Citizens First Nat'l Bank, 540 S.W.2d at 294. Appellees stated in the summary-judgment motion that merely discussing a city issue outside a formal meeting, and even discussing
one's vote with a colleague, does not violate the Act. We will treat this statement as appellees'
allegation that they could negate the element of knowingly conspiring to circumvent the Act. 
Appellees raised no other ground in defense of Uballe's Open Meetings Act claim.

 Although appellees alleged that they did not knowingly conspire to circumvent the
Act, they presented no summary-judgment evidence to prove that they did not. Rather than
affirmatively offering evidence to disprove the charge that they conspired to plan Uballe's
termination, appellees asserted that no evidence existed that the Act was violated when Uballe was
terminated. Appellees have therefore failed to carry their summary-judgment burden. Garcia v.
John Hancock Variable Life Ins. Co., 859 S.W.2d 427, 435-36 (Tex. App.--San Antonio 1993,
writ denied). However difficult it may be to prove that one did not act in a certain manner,
because the evidence does not conclusively disprove that appellees violated the Act in connection
with terminating Uballe, we must sustain point three as to Uballe's claim that appellees
improperly engaged in secret deliberations.

 We reverse that part of the trial court's judgment relating to Uballe's cause of
action for violating the Open Meetings Act by engaging in secret deliberations and remand that
cause for a trial on the merits. We affirm the judgment in all other respects.


Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: July 17, 1996

Do Not Publish

1. [1]  In the context of meetings of less than a quorum of members of a governmental body for
the purpose of secret deliberations, "deliberation" appears to mean a verbal exchange concerning
an issue within the jurisdiction of the governmental body or any public business. See Tex. Gov't
Code Ann. §§ 551.001(2), .143 (West 1994).


ontained a vague description of the subject to be discussed.

 Given the general allegation in Uballe's petition that notices were improperly
posted and her failure to raise any controverting fact issue on the method of posting in her
response, we determine that appellees conclusively proved that meeting notices were properly
posted. Vilbig v. City of Waxahachie, 603 S.W.2d 370, 371 (Tex. App.--Waco 1980, writ
dism'd). The agenda for the July 9, 1991, meeting clearly states the subject matter of the meeting
and explicitly mentions that Uballe's employment status or termination will be considered. Uballe
nevertheless argues that she raised a fact issue on the method of posting notice by presenting to
the trial court her answers to interrogatories. Because Uballe was required to raise issues in
opposition to the summary-judgment motion in her response rather than in her evidence, this
argument has no merit. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993). We therefore overrule point three as to Uballe's claim that meeting notices were posted
in violation of the Open Meetings Act.

 Uballe also alleged in her petition that appellees Giambernardi, Culpepper,
Bindseil, and Trimble violated the Act by meeting before council meetings to plan their actions
at council meetings. Uballe claimed that the secret actions of the four appellees caused her
termination and that the City's act of terminating her in violation of the Act was void. See
§§ 551.141, .143.

 In their motion for summary judgment, appellees conceded that the four council
members would from time to time speak with one another concerning